1
2
3
4
5
6                          UNITED STATES DISTRICT COURT

7                        SOUTHERN DISTRICT OF CALIFORNIA

8

9    WILLIAM R. VILTZ,                    )    Case No. 12cv1494-MMA (BLM)
                                          )
10                        Petitioner,     )    **REPORT AND RECOMMENDATION**
                                          )    **GRANTING PETITIONER'S MOTION**
11   v.                                   )    **TO STAY AND ORDER (1) DENYING**
                                          )    **PETITIONER'S MOTION TO**
12   L.S. McEWAN AND EDMUND G. BROWN,     )    **APPOINT COUNSEL, (2) DENYING**
     JR.,                                 )    **PETITIONER'S MOTION FOR**
13                                        )    **EVIDENTIARY HEARING, (3)**
                          Respondents.    )    **GRANTING IN PART PETITIONER'S**
14                                        )    **MOTION TO EXPAND THE RECORD,**
                                          )    **AND (4)DENYING PETITIONER'S**
15                                        )    **MOTION FOR DISCOVERY**
                                          )
16   _____ )    **[ECF Nos. 3, 9, 10, 11, 15 ]**

17

18        This Report and Recommendation is submitted to United States District Judge Michael A.

19   Anello pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States

20   District Court for the Southern District of California.  Currently before the Court is a motion to

21   stay federal proceedings while Petitioner William Viltz, a state prisoner who is proceeding *pro se*,

22   exhausts his claims in state court.  ECF No. 3 ("Mot. Stay").  Respondent filed a response to

23   Petitioner's motion on September 13, 2012 and Petitioner filed a reply on October 2, 2012[1].  ECF

24   Nos. 16 ("Response") & 19 ("Reply").  The Court has considered the above documents as well

25   as the record as a whole.  Based thereon, and for the reasons discussed below, the Court

26   _____

27        [1]In determining the filing date of pleadings, *pro se* prisoners generally are entitled to the benefit of the
     "mailbox rule," which dictates that the statutory filing date is the date a document was presented to prison authorities
28   for mailing to the court.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Stillman v. LaMarque, 319 F.3d 1199, 1201
     (9th Cir. 2003).  Here, Petitioner presented his reply to prison authorities  on October 2, 2012.  See Lopez v. Felker,
     536 F. Supp. 2d 1154, 1155 n.1 (C.D. Cal. 2008) (utilizing petitioner's signature date as the relevant filing date).

1  **RECOMMENDS** that Petitioner's motion to stay be **GRANTED**.

2  **PROCEDURAL BACKGROUND**

3        Petitioner began federal habeas proceedings on June 14, 2012, when he filed his Petition

4  for Writ of Habeas Corpus.  ECF No. 1 ("Pet.").  That Petition was dismissed without prejudice

5  and Petitioner filed the currently-operative First Amended Petition ("FAP") on August 13, 2012.

6  ECF Nos. 4 and 8.

7        On June 14, 2012, Petitioner filed a motion to stay requesting that his federal petition be

8  stayed pending resolution of a habeas corpus petition he filed in the California Supreme Court.

9  Mot. Stay at 3.  Petitioner explains that after appealing his case to the Fourth Appellate District,

10 Division One, having his appeal denied, and seeking review in the California Supreme Court

11 where review was again denied, he received and reviewed the record on appeal and concluded

12 "that not all potential issues had been raised on [his] direct appeal."  Id. at 2.  Accordingly,

13 Petitioner filed state habeas petitions "addressing those issues [not] raised on direct appeal" in

14 the San Diego County Superior Court and the California Court of Appeal.  Id. at 2-3.  Both

15 petitions were denied and Petitioner is "now seeking relief in the California Supreme Court."  Id.

16 In order to avoid a violation of the statute of limitations, Petitioner seeks to stay the exhausted

17 claim contained in his FAP so that he may exhaust the other claims.  Id.

18       On June 25, 2012, the Court issued an order denying Petitioner's motion to stay without

19 prejudice because it found the petition to only contain unexhausted claims.  ECF No. 4 at 4.  On

20 July 6, 2012, Petitioner filed a motion for reconsideration of the Court's denial of his motion to

21 stay.  ECF No. 7.  In support, Petitioner contended that his petition contained at least one

22 exhausted claim.[2]  Id. at 1.  On August 16, 2012, the Court found that Petitioner's petition did

23 contained an exhausted claim, granted Petitioner's motion for reconsideration and reestablished

24 Petitioner's motion to stay.  ECF No. 12.  On August 17, 2012, the Court issued a briefing

25 schedule directing Respondent to respond to Petitioner's motion to stay on or before September

26 14, 2012 and Petitioner to reply to the response on or before October 8, 2012.  ECF No. 13.  In

27 _____

28     [2]Petitioner argued that his claim that he was denied his constitutional right to a fair trial by the trial court's
failure to instruct the jury as to the lesser included offense of attempted rape and that the error was not harmless,
was exhausted.  ECF No. 7; Pet. at 3.

1  accordance with the order, Respondent filed a response to the motion on September 13, 2012.

2  Response.  In his response, Respondent contends that Petitioner qualifies for a stay under <u>Kelly</u>

3  <u>v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by* <u>Robbins v. Carey</u>, 481

4  F. 3d 1143 (9th Cir. 2007), but not under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) and reserves

5  the right to raise any applicable procedural defense following Petitioner's exhaustion in state

6  court[3].  <u>Id.</u> at 5-12.  Petitioner filed a timely reply on October 2, 2012 and stated that

7  Respondent was incorrect and that he is eligible for a stay under <u>Rhines</u> because there is good

8  cause for his stay request.  Reply at 1-4.

9      On August 13, 2012, Petitioner filed the following additional motions: (1) motion to

10 appoint counsel, (2) motion for an evidentiary hearing, (3) motion to expand the record, and (4)

11 motion for discovery.  ECF Nos. 9-11 and 15.  Petitioner states that counsel is necessary because

12 he needs assistance with various discovery and evidentiary matters and because he has

13 inadequate access to the prison law library, limited telephone time, and must use the United

14 States Postal Service for corresponding with the Court as opposed to some quicker means of

15 communication.  ECF No. 9 at 2-5.  Petitioner states that an evidentiary hearing is warranted

16 because there are important factual issues in dispute.  ECF No. 10 at 20.  Petitioner seeks to add

17 additional materials to the record relating to his trial and to have the Court take judicial notice

18 of those materials including the following the documents that he seeks to obtain with his motion

19 to compel: (1) cell phone records, (2) Ranisha Burrell's toxicology report, (3) "[t]he People's

20 [s]cientific [e]vidence", (4) Petitioner's toxicology report, and (5) "[a]nother [c]opy of [a]ny and

21 [a]ll [c]ase [d]iscovery."  ECF Nos. 11 & 15 at 3.

22 ///

23

[3]In his reply, Respondent notes that Edmund G. Brown is not a proper respondent in this matter and asks
24 that the Court remove Mr. Brown as a party in this proceeding.  <u>Id.</u> at 5.  Additionally, Respondent asks that the
correct spelling of his name (McEwen not McEwan) be reflected on the docket and future filings.  <u>Id.</u>  Plaintiff does
25 not respond to either request in his reply.  Reply.
   Edmund G. Brown, the Governor of the State of California, is not a proper respondent in this action.  Rule
26 2 of the Rules following § 2254 provides that the state officer having custody of the petitioner shall be named as
respondent.  Rule 2(a), 28 U.S.C. foll. § 2254.  A writ of habeas corpus acts upon the custodian of the state prisoner.
27 <u>See</u> 28 U.S.C. § 2242; Rule 2(a), 28 U.S.C. foll. § 2254.  Here, there is no basis for Petitioner to have named the
Governor of the State of California as a respondent in this action.  Accordingly, Respondent's request to remove
28 Edmund G. Brown as a respondent in this matter is **GRANTED**.  Additionally, The Clerk of the Court shall modify the
docket to reflect "L.S. McEwen" as respondent in place of "L.S. McEwan."

## DISCUSSION

**A.      Motion to Stay**

Petitioner seeks to stay his federal petition pending the resolution of his habeas petition which is currently pending in the California Supreme Court. Mot. Stay at 3. He asserts that his federal petition for habeas corpus contains one exhausted claim along with other unexhausted claims and should be stayed pursuant to Rhines. Id. at 2-3; Reply at 1-4. Respondent contends that Petitioner is not entitled to a stay under Rhines because of his "inability to show good cause for failing to exhaust his claims in state court." Response at 7. However, Respondent does conclude that Petitioner is entitled to have his petition stayed pursuant to Kelly. Id. at 12.

1.      Legal Standard

A federal court may not consider a petition for habeas corpus unless the petitioner first has presented his claims to the state courts, thereby "exhausting" them. 28 U.S.C.A. §2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 522 (1982). The exhaustion requirement is founded on federal-state comity, as only when the state court has been presented with the claim may it "pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (*per curiam*) (quotes and citations omitted). Thus, exhaustion of a habeas petitioner's federal claims requires that they have been "fairly present[ed]" in each appropriate state court, including a state supreme court with powers of discretionary review. Baldwin v. Reese, 541 U.S. 27, 29 (2004). In California, this generally entails direct or collateral presentation to both the lower courts of appeal and the state supreme court, though presentation to the state supreme court alone may suffice. Rieger v. Christensen, 789 F.2d 1425, 1427 (9th Cir. 1986); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). However, claims are not exhausted by mere presentation to the state appellate system. A petitioner must also "alert[ ] [the state] court to the federal nature of the claim." Baldwin, 541 U.S. at 29. A petitioner may indicate a federal claim by citing the source of federal law upon which he relies, or by merely labeling the claim as "federal." Id. at 32.

Claims articulated in a federal habeas petition also must be the "substantial equivalent" of those previously presented to the state courts. Pappageorge v. Summer, 688 F.2d 1294, 1295

(9th Cir. 1982); <u>Vasquez v. Hillery</u>, 474 U.S. 254, 258 (1986) (a petitioner must "present [ ] the substance of his claim to the state courts"). The requirement of substantial equivalency is not rigid, and the state habeas petition may be exhausted even when it does not spell out each syllable of the federal claim. <u>Delgado v. Lewis</u>, 181 F.3d 1087, 1091 (9th Cir. 1999) (vacated and remanded on other grounds, 528 U.S. 1122 (2000)). Additionally, arguments presented to the federal court may be supplemented with evidence not provided to the state court, so long as the additional information does not "fundamentally alter" the claim. <u>Vasquez</u>, 474 U.S. at 260.

If state remedies have not been exhausted as to any of the federal claims, the habeas petition typically should be dismissed. <u>Castille v. Peoples</u>, 489 U.S. 346, 349 (1989); <u>Rose</u>, 455 U.S. at 522 (requiring dismissal of petitions that contain both exhausted and unexhausted claims, commonly referred to as "mixed petitions"); <u>see also</u> <u>Rhines</u>, 544 U.S. at 274-78 (confirming continued applicability of "total exhaustion" rule even after AEDPA imposed one-year statute of limitations on habeas claims).

Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. § 2244(d). Generally a court may not consider a "mixed" habeas petition, that is a petition that contains or seeks to present both exhausted and unexhausted claims. <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982). If a petitioner presents a mixed petition, the petitioner may seek to stay the exhausted claims while he pursues the unexhausted claims in state court. <u>Rhines</u>, 544 U.S. at 278. Case law has established two alternative procedures for seeking and obtaining a stay, which are set forth in <u>Rhines</u> and <u>Kelly</u>. <u>See</u> <u>King v. Ryan</u>, 564 F.3d 1133, 1135 (9th Cir. 2009).

2.    <u>Analysis</u>

The parties agree that Petitioner's petition contains both an exhausted claim and several unexhausted claims and that Petitioner qualifies for a stay. Response & Reply. However, there is a dispute as to what type of stay Petitioner is entitled to have. <u>Id.</u> Petitioner claims that he is entitled to a stay under <u>Rhines</u>. Reply at 2-3. Respondent disagrees stating that Petitioner

12cv1494-MMA (BLM)

1    fails to satisfy the good cause requirement under Rhines, but that Petitioner does qualify for a
2    stay under Kelly.  Response at 12.

3                          a.      Rhines v. Weber, 544 U.S. 269, 278 (2005)

4              Under Rhines, a district court has discretion to stay a mixed petition to allow a
5    petitioner time to return to state court to present unexhausted claims.  Rhines, 544 U.S. at 276.
6    This stay and abeyance is available only in limited circumstances, and only when: (1) there is
7    "good cause" for the failure to exhaust; (2) the unexhausted claims are potentially meritorious;
8    and (3) the petitioner did not intentionally engage in dilatory litigation tactics.   Id. at 277-78.

9              Here, Petitioner has failed to establish the good cause necessary for a stay pursuant to
10   Rhines.  In his motion to stay, Petitioner makes no mention whatsoever of why the new claims
11   that he seeks to exhaust were not presented earlier.  Mot. Stay. 1-3.  In his reply, Petitioner
12   claims that he does have good cause for the failure to exhaust because "Petitioner could not
13   have known (in any way) what the prosecution knew, or should've known come trial," "defense
14   counsel had complete control of defense strategies or tactics," and to "suggest that Petitioner
15   knew, or should've known about the legal significance of the issues arising out of trial, at the
16   time of trial, is simply, unreasonable."  Reply at 4.  Additionally, Petitioner references Attachment
17   A to his Reply which states that Petitioner "is presenting those claims and all relevant matters
18   in the earliest time that he is able to do so" given that it has taken him a long time to sift
19   through the record and that he has very limited access to the law library.  Id. at 7, Attachment
20   A.

21             Petitioner's FAP contains the following constitutional claims: (1) the trial court violated his
22   Fifth and Fourteenth Amendment rights because his "conviction was based on a set of facts
23   different from the preliminary hearing . . . . [and] "on unspecified acts which could each
24   constitute the count charged," (2) his Fifth, Sixth and Fourteenth Amendment rights were
25   violated when "members of the jury were denied evidence necessary to reach an informed and
26   reasonable determination of the facts pertaining to the credibility and trustworthiness of . . .
27   Petitioner, and the Prosecution's key witness," (3) his Fifth and Fourteenth Amendment rights
28   were violated when "the prosecution elicited and used, incorrect and false testimony, and

1   evidence which it knew or should have known was incorrect, false, and misleading,"
2   (4) ineffective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights,
3   (5) the San Diego County Superior Court's order denying Petitioner's Petition for Writ of Habeas
4   Corpus, request for discovery and request for an evidentiary hearing violated Petitioner's Fifth,
5   Sixth and Fourteenth Amendment rights, and (6) denial of his right to a fair trial when the trial
6   court failed "to instruct as to the lesser offense (to rape) of attempted rape." FAP, Appendix 1
7   at 2-3.  All of the claims are unexhausted with the exception of claim six.

8          Contrary to Petitioner's assertions, he has not established good cause for failing to exhaust
9   his first five claims.  Petitioner was present during his trial and should have been aware of each
10  claim as it arose.  This is not "unreasonable" as Petitioner suggests and is supported in the case
11  law.  See Bucci v. Busby, 2012 WL 868982, *10 (E.D. Cal. March 13, 2012) (noting that "where
12  a petitioner was well aware of the factual basis of claims that could have been raised and
13  exhausted in the state courts before petitioner filed a federal habeas petition, good cause for a
14  stay may not have been shown under Rhines"); Frluckaj v. Small, 2009 WL 393776, at *5–6
15  (C.D. Cal. 2009) (finding that where petitioner was aware of claim and could have presented
16  claim to California state courts before filing federal habeas petition, petitioner had not shown
17  either "cause" or "good cause" to satisfy Rhines); Smith v. Horel, 2008 WL 2038855, *5 (C.D.
18  Cal. May 8, 2008) (finding no good cause for Petitioner's failure to exhaust a claim where "trial
19  counsel's alleged deficient performance was known or should have been known to Petitioner
20  during or shortly after his trial").

21         Additionally, the facts that Petitioner is proceeding *pro se,* it has taken him a long time
22  to get through the record, and he has had difficulty accessing the law library and legal materials
23  do not constitute good cause.  See Moxley v. Neven, 2011 WL 3585069, *3 (D. Nev., Aug. 15,
24  2011) (finding that basing a finding of good cause on a petitioner's *pro se* status "would render
25  stay-and-abey orders routine" and thus "run afoul of Rhines and its instruction that district courts
26  should only stay mixed petitions in limited circumstances."); see also  Hernandez v. California,
27  2010 WL 1854416, at *2–3 (N.D. Cal. May 6, 2010) (concluding that limited education, lack of
28  legal assistance, and routine restrictions on law library access were insufficient to satisfy the

1   <u>Rhines</u> good cause requirement); <u>Hamilton v. Clark</u>, 2010 WL 530111, at *2 (E.D. Cal. Feb. 9,

2   2010) (stating that "[i]gnorance of the law and limited access to a law library are common

3   among pro se prisoners and do not constitute good cause for failure to exhaust."). Accordingly,

4   the Court finds that Petitioner has not established the requisite good cause and, therefore, is not

5   entitled to a stay under <u>Rhines</u>.

6            b.    <u>Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)</u>

7          A <u>Kelly</u> abeyance requires compliance with the following three-step procedure:

8    (1) petitioner files an amended petition deleting his unexhausted claims; (2) the district court

9   "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the

10  opportunity to proceed to state court to exhaust the deleted claims"; and (3) petitioner must

11  subsequently seek to amend the federal habeas petition to reattach "the newly-exhausted claims

12  to the original petition." <u>King</u>, 564 F.3d at 1135. However, the petitioner only is allowed to

13  amend his newly-exhausted claims back into his federal petition if the claims are timely under

14  the AEDPA or "relate back" to the exhausted claims in the pending petition. <u>Id</u>. at 1140-41, <u>see</u>

15  <u>also</u> <u>Mayle v. Felix</u>, 545 U.S. 644, 662-664 (2005). A new claim relates back to an existing claim

16  if the two claims share a "common core of operative facts." <u>Mayle</u>, 545 U.S. at 646. A new claim

17  does not "relate back" to an existing claim simply because it arises from "the same trial,

18  conviction or sentence." <u>Id</u>. If the newly-exhausted claim is not timely under the AEDPA or the

19  relation-back doctrine, it may not be added to the existing petition. <u>Haskins v. Schriro</u>, 2009 WL

20  3241836, *3 (D. Ariz. Sept. 30, 2009). If amendment is futile, a stay is inappropriate. <u>Id</u>. at *7.

21  Therefore, the Court must consider whether the unexhausted claims are untimely.

22         The AEDPA imposes a one year statute of limitations ("SOL") on federal petitions for writ

23  of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d). The one-year limitations period

24  runs from the latest of:

25              (A)  the date on which the judgment became final by the conclusion of
                direct review or the expiration of the time for seeking such review;
26
                (B)  the date on which the impediment to filing an application created by
27              State action in violation of the Constitution or laws of the United States is removed,
                if the applicant was prevented from filing by such State action;
28
                (C)   the date on which the constitutional right asserted was initially

1   recognized by the Supreme Court, if the right has been newly recognized by the
2   Supreme Court and made retroactively applicable to cases on collateral review; or

3          (D) the date on which the factual predicate of the claim or claims presented
    could have been discovered through the exercise of due diligence.

4   Id. § 2244(d)(1)(A)-(D).  Here, the California Supreme Court denied Petitioner's petition for

5   review on March 23, 2011. Lodgment ("Lodg.") 1. Petitioner did not file a petition for certiorari

6   with the United States Supreme Court so the SOL began to run ninety days later on June 21,

7   2011. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (limitations period does not begin

8   until after expiration of ninety-day period for seeking certiorari).  Absent tolling, the limitations

9   period expired one year later on June 21, 2012.

10         The AEDPA tolls its one-year limitations period for the "time during which a properly filed

11  application for State post-conviction or other collateral review . . . is pending." 28 U.S.C.

12  § 2244(d)(2). "The time that an application for state postconviction review is 'pending' includes

13  the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a

14  notice of appeal, provided that the filing of the notice of appeal is timely under state law". Evans

15  v. Chavis, 546 U.S. 189, 191 (2006).  In most states a statute sets out the number of days for

16  filing a timely notice of appeal.  Id. "California, however, has a special system governing appeals

17  when prisoners seek relief on collateral review [and] [u]nder that system, the equivalent of a

18  notice of appeal is timely if filed within a 'reasonable time.'"  Id. at 192 (quoting In re Harris,

19  5 Cal.4th 813, 828, n. 7 (1993)).  "The United States Supreme Court has held that California's

20  reasonableness standard is commensurate with the limitations of other states, which are 30 or

21  45 days." Cross v. Sisto, 676 F3d. 1172, 1176-1179 (9th Cir. 2012) (citing Carey v. Saffold, 536

22  U.S. 214, 221 (2002)).  The statute of limitations is not tolled, however, "from the time a final

23  decision is issued on direct state appeal [to] the time the first state collateral challenge is filed."

24  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) overruled on other grounds by Harris v.

25  Carter, 515 F.3d 1051, 1053 (9th Cir. 2008).  Similarly, the limitations period is not tolled after

26  state post-conviction proceedings are final and before federal habeas proceedings are initiated.

27  See 28 U.S.C. § 2244(d)(2).

28         In this case, the statute of limitations began to run on June 21, 2011.  It was tolled when

9                                              12cv1494-MMA (BLM)

Petitioner filed a habeas petition in the California Superior Court on January 30, 2012 (223 days later). <u>See</u> 28 U.S.C. § 2244(d)(2); <u>Nino</u>, 183 F.3d at 1006; Lodg. 2.   On March 23, 2012, the court denied Petitioner's motion.  Lodg. 3.  On April 19, 2012, Petitioner filed another petition in the court of appeal, that was denied on May 17, 2012.  Lodgs. 4 & 5.  On June 8, 2012, Petitioner filed a petition in the California Supreme Court that is currently pending.  Lodg. 6. Because Petitioner filed each petition within thirty days after the prior court's denial, the AEDPA SOL remains tolled until the California Supreme Court rules on the pending petition. <u>See</u> <u>Cross</u>, 676 F3d. at 1176-1179 (9th Cir. 2012) (stating that untimely state habeas petitions do not toll the AEDPA's SOL, but that California applies a reasonableness standard to determine whether state habeas petitions are timely filed and a petition is timely if filed within a "reasonable" amount of time, usually within 30 or 45 days)  (citing <u>Carey</u>, 536 U.S. at 221).  As a result, Petitioner's proposed claims are timely.

    3.   <u>Conclusion</u>

Therefore, the Court **RECOMMENDS** that the district court **GRANT** Petitioner's request to hold his FAP in abeyance pursuant to <u>Kelly v. Small</u> pending state court exhaustion of his new claims.  To comply with the <u>Kelly</u> procedure, the Court further recommends that Petitioner be required to file an amended federal habeas petition deleting his unexhausted claims within thirty-days of Judge Anello's ruling on this Report and Recommendation.  The Court will then stay and hold in abeyance the amended, fully exhausted petition while Petitioner continues to exhaust the deleted claims.  Petitioner will then be responsible for amending his federal habeas petition to reattach his newly-exhausted claims to the original petition in a timely fashion.

Any party may file written objections with the district court and serve a copy on all parties on or before **December 28, 2012.**  The document should be captioned "Objections to Report and Recommendation."

Any reply to the objections shall be served and filed on or before **January 18 , 2013.** The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

**B.    Motion to Appoint Counsel**

On August 13, 2012, Petitioner filed a motion to appoint counsel.  ECF No. 9.  In support, Petitioner states that appointed counsel is necessary "for effective discovery" and "to prepare and execute proposed interrogatories."  Id. at 3.  Additionally, Petitioner notes that he has requested an evidentiary hearing which warrants the appointment of counsel.  Id. at 4.  Finally, in addition to the discovery reasons, Petitioner asserts that counsel should be appointed because he (1) "is overwhelmed," (2) has inadequate access to the law library which does not have computers or permit the checking out of law books or photo copies, (3) is only permitted one monthly fifteen minute phone call that cannot be pre-scheduled, and (4) is required to rely on "snail mail" which can take as long as two weeks if it is non-legal mail.  Id. at 4-5.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners.  McCleskey v. Zant, 499 U.S. 467, 495 (1991); Nevius v. Sumner, 105 F.3d 453, 459 (9th Cir. 1996) (noting that there currently exists no constitutional right to appointment of counsel in habeas proceedings): Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).  However, courts may appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 whenever the court "determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990) (citing 18 U.S.C. § 3006A(a)(2)(B)); Chaney, 801 F.2d at 1196 ("[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.").  Whether or not to appoint counsel is a matter left to the court's discretion, unless an evidentiary hearing is necessary.  Knaubert v. Goldsmith, 791 F.2d 722, 729-30 (9th Cir. 1986) (explaining that the interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition.).

The court's discretion to appoint counsel may be exercised only under "exceptional

1  circumstances."   Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).[4]  "A finding of

2  exceptional circumstances requires an evaluation of both the likelihood of success on the merits

3  and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the

4  legal issues involved.  Neither of these factors is dispositive and both must be viewed together

5  before reaching a decision."  Id. (citations and internal quotation marks omitted).

6        The Court has reviewed the FAP submitted by Petitioner in this case (ECF No. 8) and finds

7  that Petitioner has provided a thorough and clear recitation of his contentions.  This Court has

8  also reviewed the motion to stay (ECF No. 3), motion for reconsideration (which was granted)

9  (ECF No. 7), motion for evidentiary hearing (ECF No. 10), motion to expand the record (ECF No.

10  11), motion for discovery (ECF No. 15), and the motion to appoint counsel (ECF No. 9) submitted

11  by Petitioner in this case.  From this review, the Court finds that it is clear that Petitioner not only

12  has a sufficient grasp of his individual claims for habeas relief and the legal issues involved in

13  those claims, but also that Petitioner is able to articulate those claims adequately without legal

14  assistance.  Under such circumstances, a district court does not abuse its discretion in denying

15  a state prisoner's request for appointment of counsel as it is simply not warranted by the

16  interests of justice.  See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district

17  court's denial of request for appointment of counsel where pleadings demonstrated petitioner

18  had "a good understanding of the issues and the ability to present forcefully and coherently his

19  contentions").  The Court also finds that while Petitioner has asserted sufficient facts to state a

20  claim for federal habeas relief, he has not established a likelihood of success on the merits.  See

21  Terrell, 935 F.2d at 1017.

22        At this stage of the pleadings, the Court finds that the interests of justice do not require

23  the appointment of counsel and that this habeas proceeding does not present "exceptional

24  circumstances" justifying the appointment of legal counsel.  Accordingly, Petitioner's Request for

25  Appointment of Counsel is **DENIED** without prejudice.

26

27

28      [4]  The Terrell court cited 28 U.S.C. § 1915(d), but the legislature subsequently renumbered this section as 28 U.S.C. § 1915(e)(1).

**C.   Motion for Evidentiary Hearing**

On August 13, 2012, Petitioner filed a motion for an evidentiary hearing.  ECF No. 10. "Under Rule 8(a), the court must determine whether an evidentiary hearing is warranted after respondent has filed an answer." West v. Dickinson, 2010 WL 3211714, *1 (E.D .Cal. Aug. 12, 2010 ) (denying petitioner's request for an evidentiary hearing as premature) (citing Rule 8(a) Fed. R. Governing § 2254 Cases); see also Hickman v. Hedgepeth, 2012 WL 2371050, *2 (E.D. Cal. June 21, 2012) (stating that "in most instances, it is not possible to consider a motion for an evidentiary hearing before the merits of the petition are considered" and that it was not possible to rule on petitioner's motion for an evidentiary hearing "[b]ecause "Respondent has not yet responded to the petition" and "the case is not fully briefed or ready for decision on the merits"); Kincaide v. Dickinson, 2010 WL 3745706, *1 (E.D. Cal. Sept, 16, 2010) (stating "[t]he court must determine whether an evidentiary hearing is warranted in this habeas proceeding after respondent has filed an answer" and denying petitioner's motion for evidentiary hearing as premature); Pigott v. Morgan, 2007 WL 1246416, *1 (W.D. Wash. April 27, 2007) (same).

In the instant matter, Respondent has not yet filed an answer and there is a pending motion to stay [ECF No. 3].  Accordingly, the Court finds that it is unable to evaluate Petitioner's request at this time and his motion for an evidentiary hearing is **DENIED AS PREMATURE.**

**D.   Motion to Expand the Record**

On August 13, 2012, Petitioner filed a motion requesting expansion of the record pursuant to Rule 7, Rules Governing Section 2254 Cases in the United States District Courts.  ECF No. 11. Petitioner seeks to expand the record to include numerous new exhibits supporting his habeas petition.  Id.  Specifically, Petitioner desires to add (1) "exhibits filed under appendix 2 of the instant habeas petition," (2) the items requested in Petitioner's pending motion to compel discovery [ECF No. 15], and (3) "[t]he record on direct appeal (No. D055258); all briefs, and the appellate court's opinion" and "all habeas petitions and postappeal [sic] motions filed and denied by: The San Diego Superior Court on March 26, 2012 (HC 20858); the Court of Appeal on May 17, 2012 (No. D061814); and the California Supreme Court on pending, ____ 2012 (No. S203640)."  Id. at 3-4.  Petitioner also requests that the Court take judicial notice of these

1   additional materials.  Id. at 4.

2        A judge may "direct the parties to expand the record by submitting additional materials

3   relating to the petition."  Rule 7 Fed. R. Governing § 2254 Cases.  "The materials that may be

4   required include letters predating the filing of the petition, documents, exhibits, and answers

5   under oath to written interrogatories propounded by the judge.  Affidavits may also be submitted

6   and considered as part of the record."  Id.

7        Respondent has not opposed Petitioner's request.  In addition, many of the documents

8   that Petitioner seeks to add into the record are already a part of the record.  See ECF No. 17

9   (Notice of Lodgment of State Court Records) (including Lodg. 1 (order denying petition for

10  review,  D055258); Lodg. 2 (petition for habeas corpus, HC 20858); Lodg. 3 (order denying

11  petition, HC 20858); Lodg. 4 (request for stay and abeyance, judicial notice, discovery and

12  evidentiary hearing); Lodg. 5 (order denying petition for habeas corpus, D061814); and Lodg.

13  6 (petition for writ of habeas corpus, S203640)).  Accordingly, petitioner's motion to expand the

14  record to include "exhibits filed under appendix 2 of the instant habeas petition" and "[t]he

15  record on direct appeal (No. D055258); all briefs, and the appellate court's opinion" and "all

16  habeas petitions and postappeal [sic] motions filed and denied by: The San Diego Superior Court

17  on March 26, 2012 (HC 20858); the Court of Appeal on May 17, 2012 (No. D061814); and the

18  California Supreme Court on pending, _____ 2012 (No. S203640)" is **GRANTED** to the extent that

19  the appropriateness of those documents will be considered by the court when addressing

20  Petitioner's FAP.  Petitioner's motion is **DENIED**, however, as to the items requested in

21  Petitioner's pending motion to compel discovery.  As discussed below, Petitioner's request for

22  discovery is denied, and, therefore the requested documents will not be included in the record.

23  See infra Part E.

24  **E.    Motion for Discovery**

25        On August 13, 2012, Petitioner filed a motion to compel discovery.  ECF No. 15.  Petitioner

26  seeks to obtain (1) cell phone records, (2) Ranisha Burrell's toxicology report, (3) "[t]he People's

27  [s]cientific [e]vidence," (4) Petitioner's toxicology report, and (5) "[a]nother [c]opy of [a]ny and

28  [a]ll [c]ase [d]iscovery."  Id. at 3.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Burton v. Cate, 2010 WL 2756553, *1 (S.D. Cal. July 12, 2010) (quoting Bracey v. Gramley, 520 U.S. 899, 904 (1997)). Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a), 28 U.S.C. foll. § 2254. To guide this analysis, the Supreme Court advised that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief," it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry. Burton v. Cate, 2010 WL 2756553 at *1 (citing Bracey, 520 U.S. at 908). However, "[h]abeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" Rich v. Calederon, 187 F.3d 1064, 1067 (9th Cir. 1999) (quoting Calderon v. U.S.D.C. (Nicholaus), 98 F.3d 1102, 1106 (9th Cir. 1996)).

Petitioner has not demonstrated good cause for compelling discovery as Petitioner has not shown that he may be able to demonstrate that he is entitled to relief if the facts are fully developed. In addition, Petitioner's requests for "[t]he People's [s]cientific [e]vidence and a [c]opy of [a]ny and [a]ll [c]ase [d]iscovery" is overbroad. ECF No. 15 at 3. Petitioner is not entitled to engage in a "fishing expedition" to "explore [his] case in search of its existence." Rich, 187 F.3d at 1067 (quoting Calderon, 98 F.3d at 1106). Finally, the discovery that Petitioner is seeking is in support of the unexhausted claims that are not properly before this Court. Specifically, Petitioner requests cell phone records and "[t]he People's [s]cientific [e]vidence," because they relate to his claims of prosecutorial misconduct and ineffective assistance of counsel. ECF No. 15 at 3 and 7. He seeks Ranisha Burrell's toxicology report because it supports his claim of ineffective assistance of counsel. Id. at 5. Finally, Petitioner requests his own toxicology report and "[a]nother [c]opy of [a]ny and [a]ll [c]ase [d]iscovery" because he believes it relates to his claim that he was improperly denied discovery. Id. at 8-9. Because Petitioner is seeking discovery for claims that are unexhausted and not yet a proper part of this action, the

1   Court **DENIES AS PREMATURE** Petitioner's request to conduct discovery.

2                                             **CONCLUSION**

3          In summary, the Court **RECOMMENDS** that Petitioner's motion to stay pursuant to Kelly

4   v. Small, be **GRANTED**.

5          Additionally, Petitioner's motion to appoint counsel is **DENIED**, Petitioner's motion for an

6   evidentiary hearing is **DENIED AS PREMATURE**, Petitioner's motion to expand the records is

7   **GRANTED IN PART**, and Petitioner's motion to compel discovery is **DENIED AS PREMATURE**.

8          **IT IS SO ORDERED**.

9

10  DATED:  December 7, 2012

11

12                                             BARBARA L. MAJOR
                                               United States Magistrate Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28