1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

8
9
10
11

WILLIAM R. VILTZ,

Petitioner,

v.

L.  S.  MCEWEN, Warden,

Respondent.

Civil No.    12-CV-1494-MMA(BLM)

**ORDER ADOPTING IN PART REPORT
AND RECOMMENDATION; DENYING
MOTION TO STAY**

**[Doc. Nos. 3 & 20]**

12
13
14
15
16
17

Presently before the Court is Petitioner William R. Viltz's ("Petitioner") motion for stay
and abeyance. [Doc. No. 3.]  Petitioner filed a Petition for Writ of Habeas Corpus pursuant to
28 U.S.C. § 2254 on June 18, 2012, [Doc. No. 1], and filed a First Amended Petition on August
15, 2012, [Doc. No. 8].  In Petitioner's motion for stay and abeyance he requests the Court stay
further proceedings on his Petition in order to exhaust claim one, in which he asserts that his
constitutional right to a fair trial was violated by the trial court's failure to instruct the jury as
to the lesser included offense of attempted rape and that his "conviction was based on a set of
facts different from the preliminary hearing . . . . [and] on unspecified acts which could each
constitute the count charged."  (Pet.  at 4 [Doc. No. 8]; Appendix 1 at 2 [Doc. No. 8-1]; Pet.'s
Mot. at 2 [Doc. No. 3.])

The Court referred the matter to Magistrate Judge Barbara L. Major, who issued a Report
and Recommendation ("R&R") recommending that Petitioner's motion for stay and abeyance
be granted.  [Doc. No. 20.]  The R&R concludes that Petitioner has not shown good cause

18
19
20
21
22
23
24
25
26
27
28

-1-

12cv1494

1    under *Rhines v. Weber*, 544 U.S. 269, 278 (2005) for a stay to issue, but that Petitioner has

2    sufficiently met the standard under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), to grant a

3    stay of the action. [*Id.* at 6, 10.] On January 2, 2013, Petitioner filed a document titled "Request

4    to Dismiss Request for Stay & Abeyance," filed as an Objection to the R&R, which states that

5    his formerly unexhausted claim has now been exhausted with the California Supreme Court, and

6    therefore, he requests the Court dismiss his Motion to Stay.  [Doc. No. 21.]

7                                         **DISCUSSION**

8           Having reviewed Petitioner's motion, Respondent L.S. McEwen's response [Doc. No.

9    16], and the R&R, the Court hereby approves and **ADOPTS IN PART and DECLINES TO**

10   **ADOPT IN PART** the R&R.  *See* 28 U.S.C. § 636(b)(1) as indicated below.

11          To the extent the R&R finds that Petitioner has failed to satisfy the requirement that he

12   show good cause under *Rhines*, but that issuance of a stay is appropriate under *Kelly*, the Court

13   **ADOPTS** the R&R.  Under *Rhines*, a district court has discretion to stay a mixed petition to

14   allow a petitioner time to return to state court to present unexhausted claims.  *Rhines*, 544 U.S.

15   at 276.  The stay and abeyance procedure is available only in limited circumstances, and only

16   when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are

17   potentially meritorious; and (3) the petitioner did not intentionally engage in dilatory tactics.  *Id.*

18   at 277-78.  As Magistrate Judge Major noted, Petitioner here has not established the good cause

19   necessary for a stay because he has not explained why he did not present the claims earlier.

20   (R&R at 6.)

21          In contrast, an abeyance under *Kelly* requires compliance with a three-step procedure, as

22   follows: (1) the petitioner must file an amended petition with only his exhausted claims, deleting

23   his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully

24   exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the

25   deleted claims"; and (3) after conclusion of state court exhaustion proceedings, petitioner must

26   seek to amend the federal petition to reattach "the newly exhausted claims to the original

27   petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009).  However, the petitioner is only

28   allowed to add the fully exhausted claims back to the federal petition if the claims are timely

1 under AEDPA or "relate back" to the exhausted claims in the petition. *Id.* at 1140-41, *see also*

2 *Mayle v. Felix*, 545 U.S. 644, 662-64 (2005). A new claim does not "relate back" to an

3 existing claim simply because it arises from "the same trial, conviction or sentence." *Id.* at 1141.

4 If the newly-exhausted claim is not timely under AEDPA or the relation-back doctrine, it may

5 not be added to the existing petition. *Id.* at 1140.

6 Here, the R&R correctly calculated the start of the statute of limitations for the Petition,

7 and determined Petitioner was entitled to sufficient statutory tolling to render his claims timely

8 for purposes of a stay under *Kelly*. (R&R at 9-10.) Therefore, the Court **ADOPTS** the

9 reasoning of the R&R to the extent it determines that Petitioner was entitled to a stay pursuant

10 to *Kelly*. However, in light of the fact that Petitioner has now exhausted his formerly

11 unexhausted claims, the Court **DECLINES** to adopt the R&R insofar as it held a stay under

12 *Kelly* should be granted because the request for a stay is now moot.

CONCLUSION

14 For the foregoing reasons, the Court **DENIES** Petitioner's motion for stay and abeyance

15 as moot.

16 **IT IS SO ORDERED.**

17 DATED: February 13, 2013

18

19 Hon. Michael M. Anello
United States District Judge

20

21

22

23

24

25

26

27

28