1
2
3
4

# UNITED STATES DISTRICT COURT

5

## SOUTHERN DISTRICT OF CALIFORNIA

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

| WILLIAM R. VILTZ, | CASE NO. 12cv1494-MMA (BLM) |
|---|---|
| Petitioner, | **ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**; |
| | [Doc. No. 37] |
| vs. | **DENYING MOTIONS FOR DISCOVERY, AN EVIDENTIARY HEARING, AND APPOINTMENT OF COUNSEL** |
| | [Doc. No. 40] |
| | **OVERRULING PETITIONER'S OBJECTIONS** |
| | [Doc. No. 38] |
| L.S. McEWEN, Warden, | **DENYING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS**; |
| Respondent. | [Doc. No. 8] |
| | **DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

23
24
25
26
27
28

Petitioner William R. Viltz, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a first amended petition for writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254. [Doc. No. 8.] Petitioner challenges his underlying convictions for kidnap for ransom, forcible oral copulation, forcible rape, attempted forcible rape, making a criminal threat, and evading a police officer with reckless driving. [*Id.*] Petitioner asserts various grounds for relief, including denial of the

right to a fair trial, denial of due process under the Fifth and Fourteenth Amendments, and ineffective assistance of counsel in violation of the Sixth Amendment.  [*Id.*]  Respondent answered the petition, and Petitioner filed a Traverse.  [Doc. Nos. 26, 33.]  Petitioner also filed motions for discovery, an evidentiary hearing, and appointment of counsel contemporaneously with his Traverse.  [Doc. Nos. 34, 35, 36.]

The matter was referred to United States Magistrate Judge Barbara Lynn Major for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), and Civil Local Rule HC.2.  Judge Major issued a well-reasoned and thorough Report recommending the Court deny the petition.  [Doc. No. 37.]  Judge Major also issued an order denying Petitioner's motions for discovery, an evidentiary hearing, and appointment of counsel.  [*Id.*]

Petitioner filed objections to the Report and Recommendation.  [Doc. No. 38.]  Petitioner also moves for reconsideration of Judge Major's order denying his motions for discovery, an evidentiary hearing, and appointment of counsel.  [Doc. No. 40.]

## MOTIONS FOR DISCOVERY, AN EVIDENTIARY HEARING, AND APPOINTMENT OF COUNSEL

The Court construes Petitioner's motion for reconsideration, [Doc. No. 40], as an objection to a non-dispositive order under Rule 72(a).  *See* Fed. R. Civ. P. 72(a).  Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, "[a] party may serve and file objections to the order within 14 days. . . [and] [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  *Id.*

As an initial matter, Petitioner filed his objection beyond the 14-day deadline, and therefore the objections are not properly before the Court.  Even if the objections were timely filed, Petitioner provides no substantive grounds to demonstrate that denial of his motions for discovery, an evidentiary hearing, and

1  appointment of counsel was "clearly erroneous or is contrary to law." Petitioner
2  merely states that he is "diametrically opposed to the Magistrate Judge's reasoning
3  on every point therein for rejecting those motions." [Doc. No. 40 at 1.] The Court
4  finds that Judge Major's denial of Petitioner's motions was not clearly erroneous
5  and therefore **DENIES** Petitioner's motions for discovery, an evidentiary hearing,
6  and appointment of counsel.

7  ### PETITION FOR WRIT OF HABEAS CORPUS

8  Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. §
9  636(b)(1), the Court must "make a *de novo* determination of those portions of the
10  report . . . to which objection is made," and "may accept, reject, or modify, in whole
11  or in part, the findings or recommendations made by the magistrate [judge]." 28
12  U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir.
13  1989).

14  Petitioner raises multiple objections to the magistrate judge's Report and
15  Recommendation. [*See* Doc. No. 38.] Due to the nature of his objections, the Court
16  has conducted *de novo* review of the entire record in order to properly consider each
17  of Petitioner's objections. The Court finds the objections to be wholly without
18  merit. For example, Petitioner argues that the magistrate judge erred by applying the
19  standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979) to his sufficiency of
20  the evidence claim.[1] Instead, Petitioner argues his case is akin to *O'Laughlin v.*
21  *O'Brien* "because only evidence was circumstantial and inferences of guilt were
22  speculative." 568 F.2d 287, 308 (1st Cir. 2009). Petitioner is incorrect. In
23  *O'Laughlin*, the court in fact applied the *Jackson* standard and found the specific
24  facts of that case overcame "the extremely high bar" of habeas review. *Id.* at 304.
25  Here, the magistrate judge applied the appropriate standard and correctly concluded

26

27  _____
28  [1] Petitioner also argues that his claim about "the sufficiency of evidence not received" is not a sufficiency of the evidence claim. [Doc. No. 38 at 11.] The Court finds no merit in this argument. The magistrate judge correctly construed his claim as a sufficiency of the evidence claim.

that there was substantial evidence supporting the jury's verdict, including both direct and circumstantial evidence.  As previously noted, Petitioner's numerous other objections are without merit, and the Court declines to discuss them in further detail.

Accordingly, the Court concludes the Judge Major issued an accurate report and well-reasoned recommendation that the petition be denied.  The Court **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation in its entirety.  The Court **DENIES** Petitioner's first amended petition with prejudice.

### CERTIFICATE OF APPEALABILITY

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability is not issued unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons set forth in the Report and Recommendation and incorporated by reference herein, the Court finds that this standard has not been met and therefore **DECLINES** to issue a certificate of appealability in this case.

The Clerk of Court is instructed to close the case.

**IT IS SO ORDERED**.

DATED:  October 25, 2013

Hon. Michael M. Anello
United States District Judge